BRAGAR WEXLER EAGEL & MORGENSTERN, LLP
Lawrence P. Eagel (LE 4505)
Angela L. Baglanzis (AB 5178)
885 Third Avenue, Suite 3040
New York, New York 11201
(212) 308-5858
*Attorneys for Plaintiff*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP - 2 2003 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AGETRAF, s.a.r.l.,

        Plaintiff,

   v.

GLOBAL CONTAINER LINES
LIMITED,

        Defendant.
-----------------------------------------------------------x

HURLEY, J.
WALL, M.J.

03 Civ. _____

**COMPLAINT** 4295

**Jury Demanded**

    Plaintiff, Agetraf, s.a.r.l, by its attorneys, Bragar Wexler Eagel & Morgenstern, LLP, states as follows:

### THE PARTIES

    1.    Plaintiff, Agetraf, s.a.r.l. ("Agetraf"), is a foreign corporation, incorporated under the laws of the Democratic Republic of Congo, and located at 4200, Av. General Bobozo, Adruma B.P. 8834 Kinshasa.

    2.    Defendant Global Container Lines Limited ("Global Container"), is a Delaware corporation, with a principal place of business located at 100 Quentin Roosevelt Blvd., Garden City, New York 11530. Global Container is a corporation authorized to do business in the State of New York.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) in that the suit is between citizens of a state and citizens of a foreign state, and the amount in controversy is in excess of $75,000 exclusive of interest and costs. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) in that the defendant resides in this district.

## RELEVANT FACTS

4. Agetraf is in the business of shipping, clearing and forwarding goods into and throughout the Democratic Republic of Congo.

5. The United Nations Department of Peacekeeping Operations asked Global Container to handle the transportation of 104 motor vehicles and 1,393 tons of containerized freight (the "Cargo") to "MONUC", in the Democratic Republic of Congo. MONUC is a United Nations Program in Congo.

6. In connection with the forgoing, Global Container retained Agetraf as an agent consignee of the vessel to transport the Cargo released by customs from the Matadi Port of Congo to MONUC in Kinshasa.

7. On May 8, 2002, Agetraf sent Global Container an invoice setting forth the payment terms for the transportation of the Cargo.

8. The Cargo was delivered without problem to MONUC. On June 25, 2002, MONUC issued a letter to Agetraf confirming the receipt of <u>all</u> Cargo without any reserve.

9. Global Container partly settled the May 8, 2002 invoice. Global Container paid the Stevedoring and Port dues of $119,847.50 on or about May 13,

2002. In addition, Global Container paid 50% of the agreed upon transportation fees; 25% in advance of shipment, an amount of $72,500, was paid on or about May 22, 2002, and 25% percent upon delivery of first Cargo, an amount of $72,500, was paid on or about June 14, 2002. However, Global Container did not pay the remaining 50% of the transportation fee upon delivery of all Cargo. The remaining amount owed Agetraf is $145,000.

10. Formal notice of payment was requested on September 10, 2002.

11. Defendant has failed to pay despite due demand.

## FIRST CLAIM FOR RELIEF

12. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 11 hereof as though fully set forth herein.

13. The parties entered into a valid contract. Agetraf preformed its obligations under the contact and Global Container failed to pay the agreed upon amount.

14. Defendant's failure to pay is a breach of contract.

15. By reason of the forgoing, plaintiff has suffered damages in the amount of $145,000.

## SECOND CLAIM FOR RELIEF

16. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 hereof as though fully set forth herein.

17. Plaintiff rendered services to defendant.

18. Defendant did not object to the services rendered.

19. That an account was taken and stated between the plaintiff and defendant which shows a balance of $145,000 U.S. dollars due and owing by the defendant to the plaintiff.

20. That no part of that sum of $145,000 dollars has been paid, although duly demanded.

## **JURY**

21. Plaintiff demands a trial by jury on all issues.

WHEREFORE, plaintiff, Agetraf, demands judgment as follows:

1. on it's first claim, damages in the amount of $145,000, with interest;

2. on it's second claim, damages in the amount of $145,000, with interest;

3. attorneys fees and costs; and

4. such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 28, 2003

BRAGAR WEXLER EAGEL & MORGENSTERN, LLP

By_____
Lawrence P. Eagel (LE 4505)
Angela L. Baglanzis (AB 5178)
885 Third Avenue, Suite 3040
New York, New York 10022
(212) 308-5858
*Attorneys for Plaintiff*